Case: 3:24-mj-05045-DAC  Doc #: 1-1  Filed: 02/14/24  1 of 6.  PageID #: 2

**FILED**
**3:43 pm Feb 14 2024**
**Clerk U.S. District Court**
**Northern District of Ohio**
**Toledo**

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kyle Fulmer, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Toledo Resident Agency (RA), having been first duly sworn, hereby depose and state as follows:

1. I am a SA with the FBI and am currently assigned to the FBI Toledo RA, Toledo, Ohio. I have been employed as a SA for the FBI for the past 23 years. Prior to entering the FBI, I was a sworn police officer in the State of Ohio. During my employment as both a police officer and FBI agent I have worked on hundreds of criminal investigations. Since 1990, I have received training and experience in interviewing and interrogation techniques, arrest procedures, search and seizure, narcotics, weapons, white collar crimes, search warrant applications, and various other crimes. I am currently assigned to the Toledo Metro Drug Task Force and have been so assigned since 2004.

2. I make this affidavit in support of criminal complaints against DARIUS RANDALL, DAVID ARNOLD, Jr. and JANET ADKINS. The facts in this affidavit come from my personal observations, training, experience, and information obtained from other law enforcement agents.

3. Because this affidavit is being submitted for the limited purpose of supporting criminal complaints, I have not included each and every fact known concerning this investigation. I have set forth only those facts I believe necessary to establish probable cause that RANDALL, ARNOLD and ADKINS have committed a violation 21 U.S.C. § 846 – Drug Conspiracy.

**PROBABLE CAUSE**

4. Beginning in the summer of 2022, I received information that Darryl Wright was trafficking in amounts of methamphetamine, cocaine and crack cocaine in and around the City of Toledo, Ohio. Around this same time, I also received information that RANDALL was also involved in the distribution of methamphetamine in the Toledo area and was being supplied by

1

Wright. While investigating the veracity of this information, I used confidential sources to make controlled buys of narcotics from Wright and his associates. I believe there is probable cause that Wright, in addition to supplying the CSs, was also supplying RANDALL, ARNOLD and ADKINS with narcotics that they in turn were distributing to others. The facts in support of this assertion are set forth in the following paragraphs.

5. On July 18, 2022, a CS made a controlled buy of approximately ½ ounce of methamphetamine from RANDALL. During this controlled buy, the CS and RANDALL communicated via text message and phone calls in order to arrange this purchase of approximately 15 grams of methamphetamine from RANDALL. After initially meeting with RANDALL at a location in Toledo, Ohio, the CS provided RANDALL a quantity of undercover funds to go and purchase the 15 grams of methamphetamine. After getting the money from the CS, RANDALL was followed on foot directly to 1763 Georgia Avenue, Toledo, Ohio, the residence of Darryl Wright. Wright's red colored Chevrolet Equinox was also parked in the driveway of the residence on this date. RANDALL then knocked at the door of the residence and was let inside of the residence. After being inside the residence for more than 20 minutes, RANDALL finally exited the Georgia Avenue residence and walked back to the CS and provided her/him a quantity of purported methamphetamine. All this activity was observed by other SAs and TFOs conducting surveillance of the controlled buy. After this transaction was completed, the CS again met with SAs and TFOs, provided the purchased substance to your affiant and confirmed that s/he had been provided the methamphetamine from RANDALL. The substance purchased this date was later analyzed by the DEA Regional Lab in Chicago, Illinois and determined to be 13.545 grams of Methamphetamine Hydrochloride (99% purity).

6. On August 11, 2022, a CS made a controlled buy of approximately one ounce of methamphetamine from RANDALL and another male identified as ARNOLD. During this controlled buy, the CS and RANDALL again communicated via text message and phone calls in order to arrange this purchase of approximately one ounce of methamphetamine from RANDALL. After initially meeting with RANDALL at a location in Toledo, Ohio, the CS provided RANDALL a quantity of undercover funds to go and purchase the methamphetamine. After getting the money from the CS, RANDALL walked over to another white male, identified as ARNOLD, and provided him with the undercover funds. ARNOLD was driving a blue GMC pickup truck on this date. RANDALL then walked back to the CS and waited while ARNOLD went to obtain the ounce of methamphetamine. SAs and TFOs then followed ARNOLD to 1763 Georgia Avenue, Toledo, Ohio, the residence of Darryl Wright. ARNOLD then walked to the residence and knocked on the front door of the residence. ARNOLD was then let inside the residence but was only inside the house a very brief period of time. Upon leaving Wright's residence, ARNOLD returned to his vehicle and drove directly back to RANDALL giving him the ounce of purported methamphetamine. RANDALL then walked back to the CS and provided her/him the ounce of methamphetamine. During this transaction, RANDALL also discussed having sold methamphetamine previously to other individuals that was also provided to him by this same supplier (referring to Darryl Wright). At the conclusion of this transaction this date, RANDALL and ARNOLD left together in the aforementioned pickup truck. All this activity was again observed by other SAs and TFOs conducting surveillance of the controlled buy. After this transaction was completed, the CS again met with SAs and TFOs, provided the purchased substance to your affiant and confirmed that s/he had been provided the methamphetamine from RANDALL. The substance purchased this date was later analyzed by the DEA Regional Lab in

3

Chicago, Illinois and determined to be 24.1 grams of Methamphetamine Hydrochloride (100% purity).

7. On August 22, 2022 and September 2, 2022, a CS made controlled buys of methamphetamine from RANDALL and ARNOLD. During these controlled buys, the CS and Randall communicated via text message and phone calls in order to arrange the purchases. During each of these controlled buys, similar to the controlled buy on August 11, 2022, the CS met RANDALL at a location in Toledo, Ohio, provided him a quantity of undercover funds to purchase the methamphetamine. After getting the money from the CS, RANDALL walked over to ARNOLD and provided him the undercover funds. ARNOLD then left the area driving a blue GMC pickup and was followed to 1763 Georgia Avenue, Toledo, Ohio, the residence of Darryl Wright. ARNOLD was let inside this residence, staying for only a short time before exiting and driving back to meet with RANDALL and giving him the purported methamphetamine. RANDALL then walked back to the CS and provided her/him the purported methamphetamine and discussed having sold methamphetamine previously to other individuals that was also provided to him by this same supplier (referring to Darryl Wright). At the conclusion of these transactions, RANDALL and ARNOLD both left the area. All this activity was again observed by other SAs and TFOs conducting surveillance of the controlled buys. After these transactions were completed, the CS again met with SAs and TFOs, provided the purchased substances to your affiant and confirmed that s/he had been provided the methamphetamine from RANDALL. The substance purchased on August 22, 2022 was later analyzed by the DEA Regional Lab in Chicago, Illinois and determined to be 24.0 grams of Methamphetamine Hydrochloride (100% purity). The substance purchased on September 2, 2022 was later analyzed by the DEA

4

Regional Lab in Chicago, Illinois and determined to be 23.5 grams of Methamphetamine Hydrochloride (100% purity).

8. Beginning in March 2023, your affiant and TFOs of the TMDTF began using a CS to make controlled buys of both methamphetamine and cocaine/crack cocaine from ADKINS. During these controlled buys, ADKINS was surveilled going to Darryl Wright's residence at 1763 Georgia Avenue, Toledo, Ohio to obtain the narcotics she was selling to the CS. Those buys are set forth in the following chart. During each of these buys, ADKINS was surveilled meeting with the CS, obtaining the undercover funds from her/him to purchase purported narcotics and then driving to Wright's residence, going inside for a short period of time before exiting and driving directly back to meet with the CS and sell her/him the narcotics. The narcotics purchased were later analyzed with the results listed in the following chart.

| Date | Lab Results |
|---|---|
| March 22, 2023 | 6.85 grams of crack cocaine |
| March 28, 2023 | 4.95 grams of crack cocaine |
| April 3, 2023 | 3.21 grams of crack cocaine and 9.6 grams of Methamphetamine Hydrochloride (97% purity) |
| April 18, 2023 | 2.93 grams of crack cocaine and 12.4 grams of Methamphetamine Hydrochloride (96% purity) |
| May 2, 2023 | 3.4 grams of crack cocaine and 13.4 grams of Methamphetamine Hydrochloride (98% purity) |
| May 15, 2023 | 26.9 grams of Methamphetamine Hydrochloride (97% purity) |
| May 25, 2023 | 3.35 grams of crack cocaine and 27.805 grams of Methamphetamine Hydrochloride (99% purity) |

9. For each controlled buy detailed in this affidavit it is important to note that prior to each controlled buy, the respective CS and her/his vehicle, if s/he was using one, were searched by an investigator for contraband prior to the transaction taking place. Efforts were made to

record/document telephone calls or text messages placed to or received from the individual setting up the controlled buy. The CS was also provided with a quantity of undercover funds to make the buy and provided an audio and/or video recorder so the transaction could be documented. After the buy took place, an investigator then retrieved the purchased substance and the recorder from the CS and again searched the CS and her/his vehicle, if s/he was using one. Constant visual and/or electronic surveillance of the CS was maintained throughout each controlled buy.

10. Based on the information contained in this affidavit, I believe probable cause exists that from at least as early as the dates listed herein, in the Northern District of Ohio, Western Division, DARIUS RANDALL, DAVID ARNOLD, Jr. and JANET ADKINS committed a violation of 21 U.S.C. § 846 – Drug Conspiracy.

Respectfully submitted,

_____
FBI SA Kyle Fulmer

Sworn to via telephone on this  14th  day of February, 2024
after submission by reliable electronic means.
Fed.R.Crim.P.4.1 and 41(d)(3).

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

6